# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TYRON D. FARVER                                                                                        PLAINTIFF

v.                                       No. 5:16CV00378 JLH

MARK T. ESPER, Secretary,
Department of the Army                                                       DEFENDANT

## OPINION AND ORDER

Tyron Farver, an African American, works at the Pine Bluff Arsenal. He applied for but was denied two different jobs at the Arsenal in 2009. He alleges that he was denied these jobs on account of his race, and he has sued Mark Esper, the Secretary of the Department of the Army, under Title VII of the Civil Rights Act of 1964. Esper has moved for summary judgment.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir.

2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id*. The Eighth Circuit has made clear that "[t]here is no discrimination case exception to the application of summary judgment." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (internal quotations and citations omitted).

Farver was hired in August 2008 to work as an industrial worker at the Pine Bluff Arsenal. He primarily did welding work. In January 2009, Farver was "loaned" to the Mobile and Powered Systems Division to assist the division with welding. He says that he was also expected to do mechanical work. James Reed was the chief of the Mobile and Powered Systems Division and was Farver's second-level supervisor. Reed says that Farver was only assigned welding work.

In April 2009, the Mobile and Powered Systems Division advertised open positions for chemical equipment repairers. These were one-year term positions but could be extended year-to-year. Farver told Reed that he was interested in the equipment repairer position, and Reed told Farver that he would consider his resume if he submitted it. Farver did, and Reed considered it along with 50 to 100 other resumes. The chemical equipment repairer position listed the major duties of that position as "the rebuild, repair, modification, service and maintenance of a variety of chemical and biological collective protection equipment including heater pump blower, electric motors, circuit breakers and switches, air purifier, hose assemblies and decontamination units." The position skills and knowledge listed included making minor repairs and replacing parts on decontamination pumps, heaters, and electric motors; basic mechanical knowledge of units with gasoline, diesel, and 2-cycle engines; ability to diagnose repairs required; ability to disassemble and

2

examine assemblies, subassemblies, and component parts; and skill in using a variety of hand and power tools. Welding was not listed.

Reed ultimately selected the following four applicants to hire as equipment repairers: Chad Adams, Brandon Wilson, and J.C. Warren, each white males, and Anthony Foots, an African-American male. Reed says that he hired the men he did over Farver because they "had more of the type of mechanical experience that I was looking for than Mr. Farver." Reed was looking for people "with mechanical skills with engines, with hydraulics, pneumatics, troubleshooting, diagnostics, and [similar] skills."

In July 2009, the Mobile and Powered Systems Division had vacancies for permanent chemical equipment repairers. Human resources advertised the positions and individuals were able to apply online. Computer software scored the online applications based on knowledge, skills, and abilities that applicants listed in their resumes and that matched the position description. Farver applied for one of the permanent chemical equipment repairer positions. His resume described his current position—an industrial worker tasked primarily with welding—as including duties of "repair activities on a variety of chemical equipment," repairing "equipment by dismantling, overhauling, installing repair parts, and reassembling the equipment," and various other duties relevant to the chemical repairer position that Reed says were not assigned to Farver in his current position. The software scored applicants through a simple word search and had no way of verifying the accuracy of the provided information.

Human resources emailed Reed a list of thirteen applicants and their computed scores. Army policy required Reed to select at least one of the top three scoring applicants. Farver's score was tied for fourth with Chad Adams. Reed created his own matrix to evaluate the candidates from the

3

list. Reed's matrix scored the candidates based on thirteen categories of major duties required for the job and the candidate's relevant work experience. The scoring was simple: the more experience a candidate had in the categories of major duties, the higher his score. Reed's matrix gave Farver a score of 20, which was the lowest of all of the candidates. The scores of the candidates Reed selected ranged from 44 to 100.

Reed only credited Farver with work experience listed under his current position that he could verify. Reed did not credit Farver with experience in repairing "equipment by dismantling, overhauling, installing repair parts, and reassembling the equipment" because none of that work was assigned to Farver nor was it being done in the area where Farver worked. Farver says that he gained this experience by observing others work during down time. He would watch what other workers were doing and participate in installing components on decontamination units. He estimated that he spent "about [a] month and a half to two months" acquiring skills in this manner. Robert Lee, Farver's coworker, states that because there was not enough welding for Farver to do every day he trained Farver on mechanical work, repairs, modifications, and maintenance of decontamination units. Lee was not a supervisor and was not given authority to assign work to other employees.

Farver argues that he was denied promotions to the temporary and permanent chemical equipment repairer positions because he is black. He presents no argument or evidence of direct discrimination, and so his racial discrimination claim is analyzed using the *McDonnell Douglas* framework. Under *McDonnell Douglas*, Farver must first make a prima facie showing of intentional discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). The burden at this stage "is not onerous." *See Tex. Dep't of*

*Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093-94, 67 L. Ed. 2d 207 (1981). Farver need only show that (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was denied the promotion; and (4) similarly situated employees outside of the protected group were promoted instead. *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 682 (8th Cir. 1996).

If Farver makes out a prima facie case, the burden then shifts to Esper to articulate a legitimate, nondiscriminatory reason for the hiring decisions. *See McDonnell Douglas*, 411 U.S. at 802-03, 93 S. Ct. at 1824-25. This is a "minimal" burden, and when met, shifts the burden back to Farver to show that the proffered reason is pretext for unlawful discrimination. *Id.* at 804, 93 S. Ct. at 1825. Farver must both rebut the proffered reason and provide evidence that the real reason for the move was unlawful discrimination. *See Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005). At all times, Farver bears the ultimate burden "of proof and persuasion" that he was the victim of unlawful discrimination. *See Torgerson*, 643 F.3d at 1046.

Esper concedes that Farver can make a prima facie showing as to the denial for the temporary position, but he argues that Farver was not similarly situated to the candidates Reed ultimately selected for the permanent position because Farver (WG-4) was a lower grade worker than those hired (WG-6 and WG-8). This argument is not supported with any case law and lacks merit. *Cf. id.* at 1047 ("It is undisputed that Torgerson and Mundell, by making the eligibility list, were qualified for the firefighter positions."). The candidates who made it on the list that human resources provided to Reed were similarly situated. They were all applicants to an open position, which had no worker-grade requirement.

5

Even so, Farver cannot show the proffered reasons for Reed's hiring decisions were pretext for racial discrimination. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011) (presuming without deciding that plaintiff established a prima facie case).

Reed's explanation of his hiring decision for both the temporary and permanent positions boils down to qualification and experience. Reed did not think that Farver had as much relevant experience as those he hired, which is a legitimate, nondiscriminatory explanation. Farver attempts to rebut this explanation and show that is a pretext for unlawful discrimination by arguing that he was more qualified than those Reed hired. In a case where "the employer contends that the selected candidate was more qualified for the position than the plaintiff, a comparative analysis of the qualifications is relevant to determine whether there is reason to disbelieve the employer's proffered reason for its employment decision." *Torgerson*,, 643 F.3d at 1048 (quotation and citation omitted). To show pretext here, Farver "must show that the [employer] hired a *less* qualified applicant." *See Kincaid v. City of Omaha*, 378 F.3d 799, 805 (8th Cir. 2004) (emphasis in the original); *Wingate v. Gage County Sch. Dist.*, 528 F.3d 1074, 1080 (8th Cir. 2008) ("If the comparison 'reveals that the plaintiff was only similarly qualified or not as qualified as the selected candidate,' then no inference of . . . discrimination would arise." (citation omitted)).

A comparison of the resumes for the temporary position does not show that Reed hired less qualified applicants. Brandon Wilson had prior experience working on decontamination units as a work leader at the Pine Bluff Arsenal. J.C. Warren previously owned and operated a trucking and construction business and performed maintenance and repairs on engines and other equipment. Reed says that he hired Warren because he "had experience with hydraulics, pumps, wiring diagrams, schematics, electrical wiring, and use of tools and test equipment required to perform the

6

duties required of the position description." Chad Adams previously worked as an HVAC technician, where he gained experience installing HVAC units and reading blue prints and diagrams for new installations. Reed says that he hired Adams because "he had experience with blue prints, diagrams, installing compressors, motors, temperature controls, and piping." Even crediting Farver's two months of informal training on maintenance of the decontamination units to him, the evidence fails to show that any selected candidate was less qualified than him.

Farver also argues that he was more qualified than those selected for the permanent position. He says that he was more qualified than five of the seven candidates Reed selected, but he only offers argument and evidence as to Chad Adams. As explained above, Farver has not shown that he was more qualified than Adams. Farver has not "adduc[ed] enough admissible evidence to raise genuine doubt as to the legitimacy of the defendant's motive." *See Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 854 (8th Cir. 2012) (quotation and citation omitted).

For the foregoing reasons, Esper's motion is GRANTED. Document #13. Farver's race discrimination claim against Esper is dismissed with prejudice.

IT IS SO ORDERED this 1st day of August, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE